UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------X

JAMES E. HARRELL, JR.,

                Plaintiff,

-against-

MR. HESS, Commissioner N.Y.C. Dept. of
Homeless Services; MS. NIXON, Director
Atlantic Avenue Men's Shelter; JACKSON
SINGLETARY, Peace Officer; JOHN DOE #2,
Dept. of Homeless Services Police
Officer; JOHN DOE #3, Dept. of Homeless
Services Police Officer,

                Defendants.

-----------------------------------------------------------X

REPORT AND RECOMMENDATION
07 CV 4091 (RJD) (LB)

**BLOOM, United States Magistrate Judge:**

      The instant action was referred to me for all pretrial purposes. The Court scheduled two Fed. R. Civ. P. Rule 16 pretrial conferences in this matter. Plaintiff failed to appear at both conferences and has failed to contact the Court or defendant's counsel. The Court's March 11, 2008 order specifically warned plaintiff that I would recommend that his case should be dismissed if he failed to appear at the second conference on April 8, 2008. Plaintiff did not appear. Accordingly, it is respectfully recommended that plaintiff's case should be dismissed.

## BACKGROUND

      On September 27, 2007, *pro se* plaintiff, James Harrell, brought this suit against defendants alleging a violation of his rights under 42 U.S.C. § 1983. Plaintiff alleged that on September 7, 2007 at approximately 6:42 a.m., Jackson Singletary and John Does 2 and 3



assaulted him in the cafeteria of the Atlantic Avenue Men's Shelter. Plaintiff claims that the officers threw him into a brick wall, broke his toe, and handcuffed him. Plaintiff alleges that on or about September 19th, plaintiff reported this incident to Ms. Nixon, who did nothing.

Plaintiff's application to proceed *in forma pauperis* was granted, and the United States Marshals were ordered to serve the defendants. On November 13, 2007, a summons was issued as to defendant Jackson Singletary. On January 11, 2008, the Court granted Singletary's request for an extension to file his Answer. A copy of the order was sent to plaintiff, but it was returned as undeliverable. On February 13, 2008, the Court issued an order scheduling an initial conference for March 11, 2008 at 2:30 p.m. This order was sent to two addresses the Court has for plaintiff,[1] but it too was returned as undeliverable.

On March 11, 2008, plaintiff failed to appear at the initial conference. The Court rescheduled the conference for April 8, 2008, and warned plaintiff that if he failed to timely appear and show good cause for his failure to appear at the March 11, 2008 conference, the Court would dismiss this action. Plaintiff did not appear on April 8, 2008, and he has not contacted the Court to explain his failure to do so.

## DISCUSSION

Rule 16(f) of the Federal Rules of Civil Procedure provides: "[i]f a party or its attorney . . . fails to appear at a scheduling or other pretrial conference; . . . or fails to obey a scheduling order or pretrial order . . . [o]n motion or on its own, the court may issue any just orders,

---

[1] The Court's order was sent to the address that plaintiff listed on the complaint and an address provided by Corporation Counsel.

including those authorized by Rule 37(b)(2)(A)(ii)-(vii)." Under Rule 37(b)(2)(A)(v), the Court may dismiss the complaint for a party's failure to comply with a Court Order. See Federal Rule of Civil Procedure 37(b)(2)(A) ("[T]he court where the action is pending may issue further just orders. They may include the following: . . . (v) dismissing the action or proceeding in whole or in part."). The sanction of dismissal "may be imposed even against a plaintiff who is proceeding pro se, so long as warning has been given that noncompliance can result in dismissal." Valentine v. Museum of Modern Art, 29 F.3d 47, 49 (2d Cir. 1994).

Plaintiff was warned by the Court's March 11, 2008 order that I would recommend that his action should be dismissed if he failed to appear and show cause on April 8, 2008. That order, and the previous order scheduling the initial conference, were sent to the only addresses the Court has for plaintiff. Although it is possible that these orders have not reached plaintiff, it is plaintiff's responsibility to keep the Court informed of his current address. Concepcion v. Ross, No. CV-92-770, 1997 WL 777943, at *1 (E.D.N.Y. Oct. 27, 1997); also see Handlin v. Garvey, No. 91 Civ. 6777, 1996 WL 673823, at *5 (S.D.N.Y. Nov. 20, 1996) (explaining that the duty to inform the court and defendants of current address is "an obligation that rests with all pro se plaintiffs"). When a *pro se* litigant fails to provide the court with notice of a change of address and misses an important deadline as a result of this failure, a court may deny that litigant relief. See, e.g., Dong v. United States, 02 Civ. 7751, 2004 WL 385117, at *3 (S.D.N.Y. March 2, 2004) (dismissing a *pro se* plaintiff's claim when plaintiff failed to inform the court of his current address, causing the court to lose contact with him for two months.)

Plaintiff has not contacted the Court or given any indication that he intends to pursue this action. It is not an efficient use of the Court's resources to permit this case to linger in the hope

that plaintiff will reappear in the future. Accordingly, it is recommended that the instant action should be dismissed for plaintiff's failure to comply with the Court's orders. Fed. R. Civ. P. 37(b)(2)(A)(v).

**FILING OF OBJECTIONS TO REPORT AND RECOMMENDATION**

Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties shall have ten (10) days from service of this Report to file written objections. See also Fed. R. Civ. P. 6. Such objections (and any responses to objections) shall be filed with the Clerk of the Court. Any request for an extension of time to file objections must be made within the ten day period. Failure to file a timely objection to this Report generally waives any further judicial review. Marcella v. Capital District Physician's Health Plan, Inc., 293 F.3d 42 (2d Cir. 2002); Small v. Secretary of Health and Human Services, 892 F.2d 15 (2d Cir. 1989); see Thomas v. Arn, 474 U.S. 140 (1985).

SO ORDERED:

LOIS BLOOM
United States Magistrate Judge

Dated: April 9, 2008
Brooklyn, New York